O’Connor, C.J.,
dissenting.
{¶ 28} As a matter of law, the sexually oriented offense for which Kyle Raber was convicted was nonconsensual. For that reason, the trial court had no business engaging in an evidentiary hearing on the issue of consent.
{¶ 29} Raber was convicted of sexual imposition in violation of R.C. 2907.06(A)(1), which prohibits sexual contact if “[t]he offender knows that the sexual contact is offensive to the other person * * * or is reckless in that regard.” There is no factual scenario that is consistent with both a conviction under that subsection and an exception to the definition of sex offender, contained in R.C. 2950.01(B)(2), for cases of consensual sexual contact. Accordingly, the imposition of sex-offender registration duties was a statutorily mandated requirement in this case. But the trial court failed to do what the law required it to do.
{¶ 30} Instead, the trial court and the prosecutor got distracted by defense counsel’s argument that because the victim had consented to some sexual contact with Raber, the consent-exception to the registration requirement was triggered. Both accepted the defense’s erroneous proposition that the state had the burden to prove not only that the contact was offensive (in order to secure the conviction) but that it was also nonconsensual (in order to secure the registration). Offensive contact is, by its nature, nonconsensual. The exception was wholly inapplicable.
{¶ 31} Even if the exception had been applicable, the trial court acted unreasonably by continuing the case for consideration of the consent issue. The evidence in the record at the time of sentencing demonstrated that Raber anally raped the victim. At sentencing, Raber admitted that he committed the sexually oriented offense because he had gotten “mad.” There was no need for an *358 evidentiary hearing because the factual issue of consent, or lack thereof, was clear.
Jason B. Desiderio, for appellee.
David T. Eager and David M. Todaro, for appellant.
{¶ 32} The trial court ultimately did what was required by law: impose registration. We should affirm.
{¶ 33} I dissent.